## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor<br><br>Plaintiff,<br><br>v.<br><br>AXIM FRINGE SOLUTIONS GROUP, LLC,<br>AXIM MANAGED RETIREMENT SOLUTIONS<br>LLC, AXIM GLOBAL STRATEGIES GROUP,<br>LLC, JAMES CAMPBELL, MELISSA<br>MCMANES, FUTURE MIND CONSULTING,<br>LLC, AND BWELL, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Case No.: 8:24-cv-00483-PJM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### CONSENT JUDGMENT AND ORDER

This action was brought by Plaintiff, the Acting Secretary of Labor, United States

Department of Labor (the "Acting Secretary") against Axim Fringe Solutions Group, LLC, Axim

Managed Retirement Solutions, LLC, Axim Global Strategies Group, LLC, James Campbell,

Meslissa McManes, Future Mind Consulting, LLC, and BWell, Inc. (collectively, "Defendants")

under Sections 409 and 502(a)(2) and (5) of the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. §§ 1109, 1132(a)(2) and (5), to obtain equitable remedies that will

redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under ERISA

Section 409, 29 U.S.C. § 1109, and obtain such further equitable relief as may be appropriate to

enforce the provisions of Title I of ERISA.

The parties have agreed to resolve the claims in the Amended Complaint (attached hereto

as Exhibit 1) without further litigation. Defendants agree to the entry of this Consent Judgment

against them by the Court, the terms of which are set forth herein:

1

A.    For the purposes of this Consent Judgment, Defendants admit that the Court has jurisdiction over them and the subject matter of this action.

B.    The Acting Secretary has agreed to resolve all claims asserted in the Amended Complaint against Defendants for the relief set forth below regarding the trusts and subtrusts identified on the attached Exhibit 2 for the period beginning in December 2015 and ending on June 30, 2022 (the "Relevant Period") for violations of ERISA. The parties agree that neither will appeal this Order as written and entered.

C.    The Acting Secretary and Defendants understand and agree that entry of this Consent Judgment is without prejudice to the Acting Secretary's right to investigate and redress violations of ERISA, if any, not alleged in the Amended Complaint, including the Acting Secretary's right to institute future enforcement actions with respect to any other such matter. It is further understood that this paragraph shall not constitute a waiver by Defendants of any defenses, legal or equitable, to any such future action.

D.    This Consent Judgment may be signed in multiple counterparts and transmitted by facsimile or by electronic mail or by any other electronic means intended to preserve the original graphic and pictorial appearance of a party's signature, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same instrument. This Consent Judgment is only valid if signed by the Acting Secretary and Defendants, or their designated representatives.

E.    The Acting Secretary and Defendants intend this Consent Judgment to constitute the complete, exclusive, and fully integrated statement of their agreement. As such, this Consent Judgment is the sole repository of the agreement between the Acting Secretary and Defendants.

The parties are not bound by any other agreements, promises, statements, representations, or writings of any kind or nature.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. This Court has jurisdiction over this action.

2. This Court has jurisdiction over Defendants.

3. In order to resolve the Amended Complaint's allegations and claims, the Defendants shall pay or cause to be paid the following:

   A. The total sum of $4,444,989.32 on or before sixty (60) days from the entry of this Consent Judgment into an interest-bearing account ("the Distribution Account").

   B. The total sum of $100,000 in additional equitable restitution to the independent fiduciary appointed pursuant to Paragraph 4 below, representing the costs and expenses associated with the appointment of an independent fiduciary as set forth in Paragraph 5 below on or before five (5) days from the entry of this Consent Judgment.

These amounts set forth in Paragraph 3(A) and 3(B), *above*, shall be payable solely from funds remitted by Defendants and shall not be paid, in part or in whole, from plan assets, including from any master trusts or sub-trusts. The Defendants shall provide satisfactory written proof of payment to the Acting Secretary for the payments immediately upon completion. Defendants shall produce all documents, including complete bank statements, showing the source of these restitution payments within ten (10) days of payment. The amount of $225,000.00 previously paid to an Axim master trust in February 2024 and the amount of $420,000.00 previously paid to an Axim master trust in

March 2024 shall be credited against the total sum of $4,444,989.32 owing only if satisfactory written proof is provided to the Secretary within ten (10) days of entry of this Consent Judgment that such amounts were not paid, in part or in whole, from plan assets, including from any master trusts or sub-trusts. The Acting Secretary and Defendants agree that all monies due or remitted under this Consent Judgment constitute equitable relief under ERISA.

4.      The Court appoints Receivership Management, Inc. as independent fiduciary (the "Independent Fiduciary"). The Independent Fiduciary shall have plenary authority solely over the liquidation and distribution of the assets of the Distribution Account and all master trust and subtrust accounts maintained and held by Defendants and shall be subject to ERISA's fiduciary requirements with respect to its duties. The Independent Fiduciary is directed to take all appropriate actions to satisfy or otherwise:

    a.  Establish the Distribution Account;

    b.  Take care, custody, and control of all master trust and subtrust accounts identified in Exhibit 2 held by Defendants Axim Fringe Solutions Group, LLC and Axim Managed Retirement Solutions, LLC (collectively, the "Defendant Service Providers"), along with any currently unknown master trusts and subtrust accounts held by the Defendant Service Providers;

    c.  Provide notice to employer clients of Defendant Service Providers (the "Employer Clients"), that pursuant to the terms of this Consent Judgment: (1) no further contributions will be accepted by Defendants' master trusts effective immediately; (2) direction as to future contributions to benefit providers may be directed to those benefit providers; and (3) this Consent

4

Judgment in no way relieves the Employer Clients of any obligations under law, including the McNamara O'Hara Service Contract Act, 41 U.S.C. § 6701, et seq., and that they should direct any legal questions to their own legal counsel. The notice shall also describe the Independent Fiduciary's liquidation plan set forth in paragraph (d) below.

d. Develop a liquidation plan, subject to a separate notice and claims submission procedure to the Employer Clients, for the liquidation and distribution of all amounts in the Distribution Account and Defendant Service Providers' master trusts;

e. Facilitate the transfer of the custody of any assets of the sub-trust accounts maintained by Defendant Service Providers in the amount of each sub-trust account balance to the respective Employer Client for the benefit of the employee benefit plan sponsored by the Employer Client;

f. Direct any refunds from service providers on behalf of Employer Clients directly to the applicable Employer Client for the benefit of the employee benefit plan sponsored by the Employer Client;

g. Provide quarterly status reports to the Acting Secretary;

h. Instruct other third-party plan service providers respecting the performance of its duties as independent fiduciary, including as to the liquidation of plan assets. No third-party service provider is permitted to refuse the Independent Fiduciary's instructions because of fees they claim to be owed.

5.    The known bank accounts set forth on Exhibit 2 of this Order that are subject to the control and/or direction of the Defendants shall immediately be subject to the Independent Fiduciary's exclusive control.

6.    The Defendants shall execute and timely tender to the Independent Fiduciary or its representative, agent, or attorneys any and all documents, files, or other items necessary to transfer sole control and governance of all accounts in Paragraphs 4 and 5, *above*, to the Independent Fiduciary. No third-party service provider is permitted to refuse the Independent Fiduciary's instructions because of fees they claim to be owed relating to the accounts.

7.    Defendants Campbell and McManes will each provide up to forty (40) hours of consulting assistance via remote means to the Independent Fiduciary to facilitate completion of its duties under this Consent Judgment. This includes responding in good faith and to the best of their knowledge and ability to any questions from the Independent Fiduciary.

8.    Defendants Axim Fringe Solutions Group, LLC, Axim Managed Retirement, Solutions, LLC, James Campbell, and Melissa McManes are removed as a fiduciaries to any employee benefit plan (as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3)) they currently service, and they are removed from the role(s) of trustee of an employee benefit plan (as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3)), fiduciary (as that term is defined at Section 3(21) of ERISA, 29 U.S.C. § 1002(21)), or plan administrator (as that term is defined at Section 3(16) of ERISA, 29 U.S.C. § 1002(16)) that they hold with respect to any other employee benefit plan (as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3)).

9.    Defendants Axim Fringe Solutions Group, LLC, Axim Managed Retirement, Solutions, LLC, James Campbell, and Melissa McManes are permanently enjoined from serving

as a trustee of an employee benefit plan (as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3)), fiduciary (as that term is defined at Section 3(21) of ERISA, 29 U.S.C. § 1002(21)), or plan administrator (as that term is defined at Section 3(16) of ERISA) to any employee benefit plan (as that term is defined at Section 3(16) of ERISA, 29 U.S.C. § 1002(16)), or from serving in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan subject to ERISA.

10.    Defendants Axim Fringe Solutions Group, Axim Managed Retirement Solutions, LLC, and James Campbell are permanently enjoined from soliciting or accepting any fees, payment, reimbursements, or assets of any kind taken from fringe benefits owed to employees, including but not limited to fringe benefits owed to employees pursuant to the Service Contract Act of 1965, as amended, 41 U.S.C. § 6703(2), and are permanently enjoined from using any fringe benefits owed to employees for payment of any expenses of any employers.

11.    Within ninety (90) days of entry of this Consent Judgment, Defendant James Campbell will complete the "Fiduciary Responsibility for ERISA Plans" E-Leaning Course sponsored by the International Foundation of Employee Benefit Plans, at his own expense. Within seven (7) days of completing this Course, Defendant Campbell will provide proof of that completion to the Acting Secretary.

12.    The Court orders Defendants, along with their agents, employees, service providers, banks, accountants, and attorneys, to provide the Independent Fiduciary with all of the books, documents, and records relating to the finances and administration of the master trusts and subtrusts identified on the attached Exhibit 2.

13.    In the event that any of the Defendants files for bankruptcy protection at any time before satisfaction of the monies and payments he owes under this Consent Judgment, that

7

Defendant shall not oppose any proof of claim that the Acting Secretary files in the bankruptcy proceeding for any amounts still owing under this Consent Judgment. In addition, the Defendants stipulate that the unpaid amounts shall be treated as a non-dischargeable debt under 11 U.S.C. § 523(a)(4).

14.    The amounts paid by Defendants pursuant to paragraph 3 of this Agreement are understood by the parties to this Agreement to be the "applicable recovery amounts" for purposes of civil penalty assessment pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). It is further understood by the parties to this Agreement that the penalties which will be assessed will be equal to twenty percent (20%) of the "applicable recovery amounts." Defendants agree (1) to pay the assessed penalty within 60 days of service of notice of the assessment, or (2) to timely file a request for a waiver to reduce or eliminate the penalty amount pursuant to ERISA § 502(l)(3), 29 U.S.C. § 1132(l)(3). If a request for waiver or reduction of the penalty is timely filed, Defendants agree to accept EBSA's determination regarding such request, and to pay the penalties, if any, as set forth in the EBSA determination letter. Any penalty payment should be made online at https://www.pay.gov/public/form/start/1063197296. Payment shall include reference to EBSA Case No. 22-015935.

15.    No assets of any employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3), will be used to pay the restitution amounts, independent fiduciary fees, attorney fees, costs, and other litigation expenses incurred by any of the Defendants in this action.

16.    The Defendants shall provide a copy of this Order to anyone acting on their behalf, including all of their officers, agents, employees, assigns, subsidiaries, affiliates, service providers, accountants, attorneys, and any other party acting concert with them or at their

8

direction, including all persons who serve in any capacity that involves any decision making authority for them with respect to the master trusts and subtrusts within five (5) days after entry of this Order.

17.     Each Defendant, as well its agents, beneficiaries, representatives, assigns, and successors in interest, hereby releases the Acting Secretary and the Acting Secretary's officers, agents, attorneys, employees, and representatives, both in their individual and official capacities, from all actions, claims, and demands of whatsoever nature, including those arising under any statute, rule, or regulation, that relate in any manner to the filing, prosecution, and maintenance of this civil action or any other proceeding or investigation relating to or in connection with this civil action. Each Defendant expressly waives any and all such claims of any nature that it may have against the Acting Secretary, the Department of Labor, or any of the Acting Secretary's officers, agents, attorneys, employees, or representatives arising under the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

18.     This Consent Judgment shall operate as a full, final, and complete judicial resolution and disposition of all claims asserted in the Amended Complaint by the Acting Secretary against Defendants.

19.     Nothing in this Consent Judgment is binding on any governmental agency other than the U.S. Department of Labor, Employee Benefits Security Administration.

20.     This Court retains jurisdiction over this action for purposes of enforcing compliance with the terms of this Consent Judgment.

21.     The Court directs this Consent Judgment as a final order pursuant to Federal Rule of Civil Procedure 54.

DATED THIS _23_ DAY OF ___May_____, 2024.

 

_____

HONORABLE PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

The parties approve the Consent Judgment and Order as to form and substance:

<table>
<tr><td>

For Plaintiff:

Seema Nanda
Solicitor of Labor

Samantha Thomas
Acting Regional Solicitor

Usha Rengachary
Counsel for ERISA

 Andrea Luby
_____

By: Andrea Luby
Senior Trial Attorney
U.S. Department of Labor Office
of the Solicitor, Region III
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103
(215) 861-5128 (Phone)
(215) 861-5162 (Fax)
Luby.andrea@dol.gov

*Attorneys for Plaintiff*




Dated:    May 18, 2024

</td><td>

For Defendants Axim Fringe Solutions
Group, LLC, Axim Managed Retirement
Solutions, LLC, Axim Global Strategies
Group, LLC, James Campbell, Future
Mind Consulting, LLC, and BWell, Inc.:

_____

Douglas W. Desmarais
Smith & Downey, P.A.
320 E. Towsontown Blvd.,
Suite 1 East
Baltimore, Maryland 21286
410-321-9000 (Phone)
410-321-6270 (Fax)
ddesmarais@smithdowney.com:


For Defendant Melissa McManes:


*Stephen B. Lebau*
_____
Stephen B. Lebau, Esq.
LEBAU & NEUWORTH, LLC
502 Washington Avenue - Suite 720
Towson, Maryland 21204
tel.  443.273.1203
fax. 410.296.8660

*Attorneys for Defendants*

Dated:

</td></tr>
</table>